UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-Civ-22783-KING/TORRES

SAMANTHA ESPINOSA,

    Plaintiff,

v.

2K CLEVELANDER, LLC,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

This matter is before the Court on Samantha Espinosa's ("Plaintiff") motion to compel interrogatory answers, production responses, and documents against 2K Clevelander, LLC ("Defendant"). [D.E. 17]. Defendant responded on December 27, 2017 [D.E. 24] to which Plaintiff replied on January 4, 2018. [D.E. 26]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

### *I. ANALYSIS*

On October 7, 2017, Plaintiff served several discovery requests on Defendant. Upon agreement of counsel, Plaintiff extended Defendant's response deadline to November 20, 2017. Despite this extension, Plaintiff claims that Defendant failed to respond to Plaintiff's discovery requests and that Plaintiff's motion – filed on December 10, 2017 – is timely filed within 30 days of the

1

November 20, 2017 deadline. Because Defendant failed to respond to *any* of Plaintiff's discovery requests, Plaintiff filed a motion to compel.

Plaintiff argues that Defendant's failure to respond to any of her discovery requests is a violation of the Federal Rules and that Defendant has waived all objections to Plaintiff's interrogatories and requests for production. *See Guerra v. Se. Freight Lines, Inc.*, 2014 WL 6770175, at *2 (S.D. Fla. Dec. 1, 2014) ("Guerra did not file a timely objection to SEFL's interrogatories and did not claim that any of the discovery infringed upon privileged information. Guerra has failed to provide any responses. Therefore, any and all objections to SEFL's discovery requests are now waived.") (citing Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Dorrough v. MuUikin,* 563 F.2d 187, 191 (5th Cir. 1977)).[1] Plaintiff also contends that attorneys' fees and costs should be awarded in the preparation of Plaintiff's motion, and that Defendant should be compelled to immediately respond to Plaintiff's discovery requests.

Defendant argues, in response, that it has been completely transparent in its discussions with Plaintiff regarding Defendant's inability to obtain the requisite documents and information needed to respond to Plaintiff's discovery requests.

---

[1] *See also Allstate Ins. Co. v. South Harbor Joint Venture, LC,* 2008 WL 4826094, *1 (S.D. Fla. Nov. 4, 2008) (noting that "failure to respond or object to [ ] discovery requests constitutes a waiver of any valid objections that may have been available"); *Henry v. National Housing Partnership,* 2007 WL 2746725. *1 (N.D. Fla. Sept. 18, 2007) (where defendants failed to respond to discovery demands by deadline, court deemed any objections waived and ordered defendants to provide "all requested documents which are within their possession, custody or control").

Specifically, Defendant claims that it has made substantial efforts to extend its response deadline in an effort to avoid unnecessary motion practice. Defendant also suggests that it has every intention of responding to Plaintiff's discovery requests, yet needs more time to do so. Because Defendant has been working in good faith to provide Plaintiff with the information sought, Defendant concludes that Plaintiff's motion should be denied and that Defendant should be given ten (10) additional days to provide its discovery responses.[2]

We agree with Plaintiff that a party's failure to respond to discovery requests as required under the Federal Rules may in some circumstances warrant a finding that the party has waived their objections. *See, e.g.*, *Guerra*, 2014 WL 6770175, at *2. However, in this case, Defendant explained to Plaintiff that it was attempting to gather the information requested but that Defendant simply could not do so in the time frame required. After the parties mutually agreed to an extension, Defendant still could not locate the information requested and therefore Plaintiff filed a motion to compel.

Given the record presented, we find that there is good cause to excuse Defendant's failure to respond to Plaintiff's discovery requests. However, Plaintiff's motion is **GRANTED** to the extent that Defendant is compelled to respond to Plaintiff's discovery requests within seven (7) days from the date of this Order. No further extensions of time shall be granted. As for Plaintiff's request for attorneys'

---

[2] Defendant also believes that any award of attorneys' fees would be unjust because there has not been any purposeful or willful failure to respond. Instead, Defendant has purportedly worked diligently to respond to Plaintiff's discovery requests and has advised Plaintiff of its ongoing efforts.

fees and costs, Plaintiff's motion is **DENIED** without prejudice with leave to renew if necessary if Defendant fails to comply with the Court's Order. Accordingly, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

## *II. CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part**. [D.E. 17]. Defendant is compelled to respond to Plaintiff's discovery requests within seven (7) days from the date of this Order. No further extensions of time shall be granted. To this extent, Plaintiff's motion is **GRANTED**. As for Plaintiff's request for attorneys' fees and costs – as well as a finding that Defendant has waived all of its discovery objections – Plaintiff's motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of January, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge